**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| PHILIP MICHAEL GORDON, | ) | NO. CV 14-6333-R (AS) |
| Petitioner, | ) | |
| v. | ) | **ORDER OF DISMISSAL** |
| E. VALENZUELA, Warden, | ) | |
| Respondent. | ) | |

On August 6, 2014, Petitioner constructively filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" ("the Petition").

The Petition challenges Petitioner's 1997 state court convictions for attempted murder, three counts of assault with a firearm, first degree burglary while armed with a firearm, and drawing or exhibiting a firearm, in violation of California Penal Code ("P.C.") §§ 664/187(a), 245(a)(2), 459, and 417(a)(2), the jury's finding that, with respect to the attempted murder and assault with a firearm convictions, petitioner personally used a

firearm and inflicted great bodily injury (in violation of P.C. §§ 12022.5(a), 12022.7(a)), and the 33 years and 4 months-to-life sentence imposed for those convictions. (Pet. at 2). Although petitioner did not identify his prior federal habeas petition in response to question 10 of the form Petition, see Pet. at 7, petitioner previously filed a federal habeas petition in this Court in 2008 challenging the same convictions. See Philip Michael Gordon v. James A. Yates, Warden, No. CV 08-8594-R (CT) ("the prior habeas action"). On January 9, 2009, the Magistrate Judge issued a Report and Recommendation that recommended that the petition be dismissed with prejudice as time-barred. (Id.; Dkt. No. 4). On February 3, 2009, this Court issued an Order Accepting the Magistrate Judge's Report and Recommendation and entered Judgment in the prior habeas action, denying and dismissing the petition with prejudice. (Id.; Dkt. Nos. 7-8). On March 2, 2009, this Court denied Petitioner a Certificate of Appealability. (Id.; Dkt. No. 11). On May 24, 2010, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a Certificate of Appealability.(Id.; Dkt. No. 15).

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the court of appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeal before filing second or successive petition, "the District Court was without

jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir. 1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). The dismissal of a habeas petition as barred by the statute of limitations "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Because Petitioner has not yet obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157.

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 18, 2014.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE